UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-41-KKC

RAYMOND TAYLOR                                                                              PLAINTIFF

VS.            **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS                                                        DEFENDANT

The plaintiff, an inmate at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* complaint pursuant to the Privacy Act, 5 U.S.C. §552(a)(g)(1). He alleges that the Federal Bureau of Prisons maintains inaccurate information in his Inmate Psychology Service Intake Screening Summary file and will not purge the file of the complained-of information.

The plaintiff seeks damages and injunctive relief.

Exhaustion of Administrative Remedies

The plaintiff has either failed to exhaust his BOP administrative remedies with respect to his Privacy Act claim, or he has failed to include in his pleadings and/or in the record evidence that he has done so. Consequently, this action is subject to dismissal. *McGee v. Federal Bureau of Prisons*, 118 Fed.Appx. 471, 2004 WL 2931365 (10th Cir. (Colo.)).

No Privacy Act Jurisdiction

Under the Privacy Act, BOP inmate records are exempt from inmates' requests for amendment. *Williams v. Federal Bureau of Prisons*, 85 Fed.Appx. 299, 2004 WL 50779 (3rd Cir. (Pa.)); 28 C.F.R. §§16.51(c), 16.97(a). The court is without Privacy Act jurisdiction over the plaintiff's requests that his inmate records be amended to expunge the disputed information. The plaintiff is barred from seeking amendment and expungement of his psychological file.

No Adverse Determination/ No Standing

Though the plaintiff generally asserts that the allegedly inaccurate information in his file has "inspired ill treatment," he has not specifically set forth an example of the complained-of information having caused a specific adverse effect. Thus, the plaintiff is without standing to assert a Privacy Act claim. *Millhouse v. Bureau of Prisons*, 2005 WL 583131 (D.C. Cir.); *see* 5 U.S.C. §§552a(g)(1)(C), (g)(4).

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendant.

This the 26th day of April, 2005.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**